IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR ST. JOHN'S COUNTY, FLORIDA

CASE NO.:
DIVISION:

ST. AUGUSTINE SOCIETY, INC., D/B/A
ST. FRANCIS HOUSE, a Florida non-profit
corporation,

      Plaintiff,

v.

AXIS SURPLUS INSURANCE
COMPANY, a foreign insurance company,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, ST. AUGUSTINE SOCIETY, INC., d/b/a ST. FRANICS HOUSE (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby files this Complaint for breach of first party insurance contract against the Defendant, AXIS SURPLUS INSURANCE COMPANY (hereinafter "Defendant"), and in support thereof states as follows:

### THE PARTIES

1. At all times material hereto, Plaintiff was a Florida non-profit corporation with its principal address located in St. John's County, Florida.

2. At all times material hereto, Defendant was a corporation duly licensed to transact insurance business in, and in fact transacts business in the State of Florida.

3. Defendant is in the business of insuring risks and properties located throughout the State of Florida.

## JURISDICTION AND VENUE

4.      This is a breach of contract action seeking damages exceeding thirty thousand dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees and is otherwise within the jurisdictional limits of this Court.

5.      The subject property of this lawsuit is a business property located at 1375 Arapaho Avenue, St. Augustine, FL 32084 (the "Property").

6.      This Court has jurisdiction over this action pursuant to Section 26.012, Florida Statutes.

7.      Venue is proper in St. John's County pursuant to Section 47.011, Florida Statutes, because Defendant insures real properties located in St. John's County; this cause of action accrued in St. John's County; and the Property in this action is located in St. John's County.

## THE POLICY

8.      Prior to December 20, 2021, Plaintiff sought and purchased commercial property insurance from the Defendant to cover its Property.

9.      In consideration of the premium paid to Defendant by the Plaintiff, Defendant issued its Policy No. ESC86599 (the "Policy") to provide insurance coverage which included, but was not limited to, coverage to protect the Property against water damage.

10.      The Policy was in full effect at all material times to this Complaint.

11.      A formal copy of the Policy is not currently in the possession of the Plaintiff, but is well known to the Defendant, and has been requested by the Plaintiff. A non-certified copy of the Policy is attached hereto as **Exhibit "A"**.

12.      Plaintiff has also requested a certified copy of the Policy through a Request to Produce, which has been served upon the Defendant contemporaneously with this Complaint. *See*

Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla. 3rd DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3rd DCA 1981); Sasche v. Tampa Music Co., 262 So.2d 17 (Fla. 2nd DCA 1972).

13.    The Policy provides coverage to Plaintiff's Property for direct physical loss unless the loss is excluded or limited by the terms of the Policy.

## STATEMENT OF FACTS

14.    On or about December 20, 2021, the Property was damaged by water which backed up into the Property from the septic tank located on the Property (hereinafter "the Loss").

15.    The Policy was in effect at the time of the Loss.

16.    The water loss event is a covered peril under the Policy.

17.    Plaintiff suffered damage throughout the Property as a result of the Loss.

18.    The Plaintiff promptly and timely notified Defendant of the Loss and made a claim pursuant to the Policy.

19.    The Plaintiff took immediate action to protect the Property from further damage by hiring PuroClean to perform water mitigation services. A copy of PuroClean's invoice for the completed work is attached hereto as **Exhibit "B"**.

20.    Defendant acknowledged receipt of the Loss and assigned claim no. AWAX21120056 to the Loss (the "Claim").

21.    The Defendant assigned Kevin Baker ("Mr. Baker") as its authorized general claims adjuster to the Plaintiff's Claim. Mr. Baker was authorized as Defendant's representative and agent for purposes of the Claim.

22.     At all times, Plaintiff made itself and the Property available to and fully cooperated with the Defendant to inspect and investigate the damage caused by the Loss.

23.     By letter dated January 11, 2022, Defendant fully denied Plaintiff's Claim. A copy of Defendant's denial letter is attached hereto as **Exhibit "C"**.

24.     The Plaintiff has fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

25.     On February 16, 2022, Plaintiff, through its undersigned counsel, provided Defendant with a sworn statement in proof of loss with supporting estimate and photographs, and notice of its intent to commence repairs. A copy of Plaintiff's letter, with enclosures, is attached hereto as **Exhibit "D"**.

26.     On February 16, 2022, Plaintiff, through its undersigned counsel, provided Defendant with a Notice to Preserve Electronic Information & Other Evidence. A copy of Plaintiff's Notice is attached hereto as **Exhibit "E"**.

27.     On February 22, 2022, Defendant, through its representative Mr. Baker, emailed the Plaintiff to confirm Defendant had no objection to Plaintiff commencing repairs.

28.     The Plaintiff was constrained to hire legal counsel, incurring additional expenses, and file this lawsuit.

29.     The Plaintiff has suffered physical damage to its business in the amount of $298,304.61, or in an amount to be determined at trial.

### COUNT I – BREACH OF CONTRACT

30.     Plaintiff realleges and readopts Paragraphs 1-29 above as if fully set forth herein.

31.     This is an action against Defendant for breach of first party insurance contract.

32.     The Plaintiff is the named insured under the Policy and the Policy was in full force and effect as to the Plaintiff and the Property at all times material to this Complaint, including when the Property was damaged by the water event that occurred on or about December 20, 2021.

33.     Plaintiff has performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the claim, mitigated the property and made temporary repairs to prevent further damages to the property, or the Defendant has waived any and all other conditions.

34.     Defendant is required to compensate the Plaintiff for all direct physical losses from the above-described water event under the terms of the Policy.

35.     Defendant's denial of coverage and refusal to pay the full amount of the Claim was contrary to the terms of the Policy and/or Florida law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiff's Property to its pre-loss condition.

36.     As a direct and proximate result of Defendant's breach of said contract of insurance, Plaintiff has been damaged by having not been compensated for the damage sustained to the Property, which is owed under the terms of the Policy.

37.     Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the Policy.

38.     As a direct and proximate result of Defendant's refusal to pay the Plaintiff's Claim, the Plaintiff has been required to retain the services of the undersigned counsel. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

39.     All the foregoing conduct constitutes a breach of contract which has resulted in damages to the Plaintiff.

40.      In the event that the Plaintiff prevail in this action, Plaintiff is entitled to recover reasonable attorney's fees and costs from Defendant pursuant to Fla. Stat. § 626.9373 and § 57.104. *See* Continental Cas. Co. v. Ryan Inc. Eastern, 974 So.2d 368, 378 (Fla. 2008); Roberts v. Carter, 350 So.2d 78, 79 (Fla. 1977).

**WHEREFORE,** the Plaintiff, ST. AUGUSTINE SOCIETY, INC., D/B/A ST. FRANCIS HOUSE, demands judgment against the Defendant, AXIS SURPLUS INSURANCE COMPANY, for compensatory damages for breach of contract including, but not limited to, damage to the Property, any and all interest allowed by law, all costs of bring this action, reasonable attorneys' fees, and such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a matter of right by a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiff receive any and all damages at law to which it is justly entitled, and thus prays for judgment against the Defendant, as follows:

a. that the Court take jurisdiction over the parties and the subject matter of this action;

b. that this Court grant judgment in favor of the Plaintiff and against the Defendant in the amount of $298,304.61, or in an amount to be determined at trial for breach of insurance contract;

c. award the Plaintiff compensatory damages, including all damages to the Plaintiff by the Defendant;

d. that the Court retain jurisdiction over the parities and subject matter in order to assess attorney's fees, prejudgment interest, and costs against Defendant pursuant to Fla. Stat. § 626.9373 and other relevant provisions of the law;

e. that the Court enter an Order awarding Plaintiff's attorneys' fees, prejudgment interest, and costs against Defendant pursuant to Fla. Stat. § 626.9373 and other relevant provisions of the law;

f. Plaintiff's costs of suit in this action;

g. Plaintiff's consultant and expert fees;

h. Pre – and post-judgment interest in the maximum amount allowed by law;

i.   All statutory penalties;

j.   Any and all applicable multipliers; and

k.   Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

Respectfully submitted this 25th day of February, 2022.

THE BUSH LAW GROUP, P.A.

William L. Flournoy, Esq.
Florida Bar No.: 116163
6622 Southpoint Drive S., Ste. 190
Jacksonville, FL 32216
Ph.: (904) 552-1006

*E-Mail for Electronic Service*[1]:
WLFlournoy@BushLawGroup.net
KRDupries@BushLawGroup.net
Justin@BushLawGroup.net

---

**1** Plaintiff's designation of email address pursuant to Rule 2.516, Florida Rules of Judicial Administration.